FILED

2026 JAN 14 PM 1:09

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| MONTE ALBERT,<br>*Plaintiff*<br>v.<br>**Systems Intelligence, Inc.;** and<br>Akima, LLC,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. **1:26 CV00086 RP** |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

### I. PARTIES

1. **Plaintiff Monte Albert** is an individual residing in Pflugerville, Texas.
2. **Defendant Systems Intelligence, Inc.** is a corporation engaged in business in Texas and was Plaintiff's employer at all relevant times.
3. **Defendant Akima, LLC** is the parent company of Systems Intelligence, Inc., and at all relevant times exercised control over employment policies, discipline, termination, and rehire eligibility. Defendants operated as a single integrated enterprise.

### II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under **28 U.S.C. § 1331**.
5. Jurisdiction is further conferred under:
   - **42 U.S.C. § 2000e-5(f)(3)** (Title VII),
   - **29 U.S.C. § 626(c)** (ADEA),
   - **42 U.S.C. § 12117** (ADA).
6. Venue is proper in the **Western District of Texas, Austin Division**, under **28 U.S.C. § 1391**, because the unlawful employment practices occurred in this District and Defendants conduct business here.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission.
8. The EEOC issued Plaintiff a **Notice of Right to Sue** dated **January 5, 2026**.
9. Plaintiff brings this action within ninety (90) days of receipt of the Notice of Right to Sue.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff was hired by Systems Intelligence, Inc. on or about **March 31, 2025**, as a senior industry professional embedded at the Army Software Factory in Austin, Texas.
11. Plaintiff was hired for his extensive professional experience and was assigned to coach and support Army personnel and contractor peers.
12. Plaintiff experienced ongoing hostility, marginalization, and adverse treatment after

raising technical and professional concerns in the course of performing his job.

13. Less-experienced comparators outside Plaintiff's protected classes were treated more favorably, were not subjected to escalating discipline, and were not terminated despite similar or lesser performance.

14. Negative feedback originating from third-party personnel was adopted and relied upon by Defendants without independent assessment or progressive discipline.

15. Plaintiff engaged in protected activity by objecting to unprofessional conduct and disparate treatment.

16. Following Plaintiff's protected activity, adverse action against him escalated rapidly.

17. On or about **June 17, 2025**, Defendants terminated Plaintiff's employment, citing performance.

18. The stated reason was pretextual. The termination was motivated by discrimination and retaliation.

## V. CAUSES OF ACTION
## COUNT I – DISCRIMINATION (Title VII, 42 U.S.C. § 2000e)

19. Plaintiff is a member of protected classes based on **national origin and sex**.

20. Plaintiff was qualified for his position and performed his job satisfactorily.

21. Plaintiff suffered adverse employment action.

22. Similarly situated employees outside Plaintiff's protected classes were treated more favorably.

23. Defendants' actions constitute unlawful discrimination in violation of Title VII.

## COUNT II – AGE DISCRIMINATION (ADEA, 29 U.S.C. § 621 et seq.)

24. Plaintiff was over forty (40) years of age.

25. Plaintiff was terminated under circumstances giving rise to an inference of age discrimination.

26. Age was a motivating factor in Defendants' decision to terminate Plaintiff.

## COUNT III – RETALIATION (Title VII, ADEA, ADA)

27. Plaintiff engaged in protected activity.

28. Defendants were aware of Plaintiff's protected activity.

29. Defendants subjected Plaintiff to adverse employment action because of that activity.

30. Defendants' conduct constitutes unlawful retaliation.

## VI. DAMAGES

31. As a result of Defendants' unlawful conduct, Plaintiff has suffered:

- Lost wages and benefits,
- Emotional distress,
- Loss of career opportunity,
- Other compensatory damages.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor;

B. Award back pay and front pay or reinstatement;

C. Award compensatory damages;

D. Award punitive damages as permitted by law;

E. Award costs and reasonable attorneys' fees;

F. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

*Monte*

**Monte Albert,** *Plaintiff Pro-Se*
21600 Gallus Dr
Pflugerville, TX 78660
512-921-1694 | monte.albert80@gmail.com
Dated: 1/14/2026